956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur William MACK, Defendant-Appellant.
 No. 91-30123.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1992.*
Decided March 9, 1992.
 
 Before CYNTHIA HOLCOMB HALL, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Arthur Mack plead guilty to one count of manufacturing 100 or more marijuana plants in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. He was sentenced to sixty-three months of imprisonment. He appeals his conviction on the grounds that the district court improperly denied his motion to suppress evidence seized as a result of his arrest. He appeals his sentence on the grounds that several aspects of the sentencing statute and Sentencing Guidelines violate due process and equal protection. The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291. We affirm.
 
 
 3
 * Mack argues that the district court improperly admitted evidence seized as the result of an illegal warrantless search of his person and his vehicle. Mack agrees with the district court that he was arrested at the time that he was ordered out of his van, but he disagrees that the police had probable cause to make the arrest. In support, Mack cites Henry v. United States, 361 U.S. 98 (1959), which states that the Fourth Amendment requires that officers must have probable cause in order to make a warrantless arrest. Id. at 100. Mack argues that the officers lacked sufficient evidence from which to form probable cause.[1]
 
 
 4
 The district court's reasoning is more persuasive. It held that probable cause exists because a prudent person could believe that Mack was connected to the illegal production of marijuana due to the van's proximity to the marijuana, the remoteness of the area, and the unusual characteristics of the van. The district court also found that the van sped from the scene immediately following the helicopter's turn over the area. In United States v. Chambers, 918 F.2d 1455 (9th Cir.1990), the Ninth Circuit held that the nature of an attempt to flee from law enforcement officials is probative of possession as well as knowledge. Id. at 1458. The van's hasty exit from the scene following the helicopter's second turn over the area is, by itself, enough evidence to give the police probable cause.[2]
 
 
 5
 Similarly, the warrantless search of the van was not unreasonable. An automobile may be searched without a warrant where there is probable cause to believe the auto contains contraband. United States v. Ross, 456 U.S. 798, 806 (1982). The district court found that the same factors which gave rise to probable cause to stop and arrest Mack also gave rise to probable cause to suspect that the van contained evidence of illegal activity. Since the district court properly found there was probable cause to stop the van, there was probable cause to search the van. Mack's motion to suppress the evidence found in the van was properly denied.
 
 II
 
 6
 Mack next argues that the mandatory Guideline presumption that equates 100 marijuana plants with 100 kilograms of marijuana violates Mack's rights to due process and equal protection under the law. Mack argues that there is no rational relationship between the presumption that one marijuana plant contains one kilogram of marijuana and the actual weight of the marijuana. Mack alleges that this arbitrary standard violates his due process rights and requires reversal because a statutory presumption must be based upon a rational connection between the fact to be proved and the ultimate fact presumed. See Leary v. United States, 395 U.S. 6 (1969); Tot v. United States, 319 U.S. 463 (1943). Similarly, Mack alleges the standard violates his equal protection rights because the Sentencing Guidelines place Mack into a classification based on an irrational pronouncement that 100 marijuana plants are equivalent to 100 kilograms of marijuana. This classification inflicts a harsher penalty on Mack than on a person who possesses the same amount of marijuana in harvested form.
 
 
 7
 Mack ignores United States v. Motz, 936 F.2d 1021 (9th Cir.1991), which effectively rejects his constitutional arguments. Motz states:
 
 
 8
 The table does not state that the yield of a plant is 100 grams, but rather that the offense level for a crime involving one marijuana plant is the level that would apply in a case involving 100 grams of dried marijuana. There is no constitutional requirement that the penalty for an offense involving one marijuana plant be equal to the penalty for an offense involving the quantity of dried marijuana the plant would yield. (citations omitted).
 
 
 9
 Id. at 1025. Mack fails to distinguish the holding in Motz. Further, the Ninth Circuit has recently held that "equating one marijuana plant to one kilogram of marijuana has a rational basis and withstands due process challenge." United States v. Belden, No. 91-30022, slip op. 1705, 1713 (9th Cir. Feb. 20, 1992). Mack's arguments must fail.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mack lists the four "ambiguous" facts and circumstances the officers used to form probable cause:
 
 
 [1]
 There was a marijuana garden where someone was growing approximately 70 plants on federal land;
 
 
 [2]
 The driver of the van, whom they were arresting, had been parked in the general vicinity of the garden, across a ravine, and by the side of a dirt road;
 
 
 [3]
 The van had been parked in the shade of a tree, on a warm summer day;
 
 
 [4]
 Sometime after Agent Gainer left the area, the van left its parking place and drove down the narrow road by which it had been parked
 
 
 [2]
 Mack attempts to distinguish Chambers by claiming that there was no high speed chase in the instant case. Though Mack states that Agent Gainer admitted he did not know the actual speed of the van, the district court has found that the van travelled at a high rate of speed leaving yaw skid marks on the roadway. We cannot say that this finding was clearly erroneous